# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

ABDUL-JAMEER SHAIK,                          Case No. 24-CV-2625 (KMM/JFD)

               Plaintiff,

v.                                                          **ORDER**

LAURA FINNEGAN, RYAN ANDER-
SON, POLICE OFFICER WITH BATCH
NUMBERS 1391 AND 1219, KELLY L.
OLMSTEAD, and TREYE D. KETT-
WICK,

               Defendants.

---

This matter is before the Court on Plaintiff Abdul-Jameer Shaik's (1) Complaint for a Civil Case (Dkt. No. 1 ("Complaint")) and (2) Notice of Default Judgment and Motion to Dismiss with Extreme Prejudice (Dkt. No. 6 ("Motion to Dismiss")). For the following reasons, the Court concludes that the Complaint suffers from misjoinder, orders that Mr. Shaik pick a focus for this case going forward, and denies the Motion to Dismiss.

In September 2023, authorities in Minnesota's Ramsey County charged Mr. Shaik with violations of Minn. Stat. § 609.324, subd. 1(c)(3) and Minn. Stat. § 609.506, subd. 1.[1]

---

[1] Section 609.324, subd. 1(c)(3) makes it a criminal offense for one to "hire[] or offer[] or agree[] to hire an individual who the actor reasonably believes to be under the age of 18 years but at least 16 years to engage in sexual penetration or sexual contact." Section 609.506, subd. 1, provides that "[w]hoever with intent to obstruct justice gives a fictitious name other than a nickname, or gives a false date of birth, or false or fraudulently altered identification card to a peace officer . . . when that officer makes inquiries incident to a lawful investigatory stop or lawful arrest, or inquiries incident to executing any other duty imposed by law, is guilty of a misdemeanor."

(*See* Compl. 1, *State v. Shaik*, No. 62-CR-23-5445 (Minn. Dist. Ct.).[2]) Mr. Shaik pleaded not guilty to both charges in April 2024. (*See* Register of Actions, *State v. Shaik*, No. 62-CR-23-5445 (Minn. Dist. Ct.) ("*Shaik* State-Court Docket").) His case is proceeding in Minnesota state court, with a jury trial presently set for later this month. *See id.*

The Court received the Complaint on July 3, 2024. (*See* Docket.) It names six defendants. Defendants Laura Finnegan and Ryan Anderson were police officers involved in Mr. Shaik's arrest. (*See* Compl. 6–7.[3]) Two other police officers—those with badge numbers 1391 and 1219[4]—apparently work at the Ramsey County Courthouse. (*See id.* at 7.) Defendant Kelly L. Olmstead is a Minnesota state-court judge at the Ramsey County Courthouse; she is currently overseeing Mr. Shaik's state trial. (*See* Compl. 1; Dkt. No. 1-3 at 4; *Shaik* State-Court Docket.) Finally, Defendant Treye D. Kettwick is the assistant county attorney for Ramsey County handling Mr. Shaik's prosecution. (*See Shaik* State-Court Docket.)

---

[2] Certain documents from Mr. Shaik's state-court prosecution that are cited in this Order do not appear in this action's docket. Because these documents are public court records, the Court may take judicial notice of them. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Bethune v. Baker*, No. 21-CV-2640 (DSD/DTS), 2024 WL 2862132, at *1 n.2 (D. Minn. June 6, 2024) (citing *Stutzka*).

[3] Citations to filed materials use the pagination assigned by the District's CM/ECF electronic-filing system.

[4] Mr. Shaik repeatedly uses the phrase "batch numbers," but the Court assumes he means *badge* numbers instead.

Broadly speaking, the Complaint alleges that Mr. Shaik's arrest in September 2023 represented a kidnapping without a valid warrant and without due process. (*See* Compl. 6–7, Dkt. No. 1-1 at 3.) Mr. Shaik also asserts that Finnegan and Anderson "[stole] his property," apparently referring here to a search of his car and the seizure of certain contents (including, apparently, Mr. Shaik's phone). (*See* Compl. 7.) On May 23, 2024, Mr. Shaik purportedly went to the Ramsey County Courthouse to "serve summons to [an unspecified] attorney." (*Id.*) He reports that the officers with badge numbers 1391 and 1219 "assaulted [him]," "attempted to kidnap [him]," and "stole [Mr. Shaik's] phone again." (*Id.*)

Mr. Shaik contends that this matter involves violations of various federal criminal statutes, as well as violations of his rights under numerous constitutional amendments. (*See id.* at 5.) For relief, Mr. Shaik seeks damages of "more than [$3 million]" and asks the Court to dismiss his state-court prosecution. (*Id.* at 8.)

On August 8, 2024, the Court received the Motion to Dismiss. This filing suggests that because the Court has not yet entered an order in this action, some sort of default judgment is appropriate. As a result, Mr. Shaik says, he is assuming that the Court "has granted an injunction for case 62-CR-23[-]5445 and dismissed 62-CR-23-5445 with extreme prejudice." (Mot. to Dismiss 5.)

The Court will start with the federal Complaint itself. This case is misjoined. Under Federal Rule of Civil Procedure 18(a), "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." This permissive rule lets a plaintiff "join as many claims as he or she has against an opposing party." *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987); *see also* 6A Mary Kay

3

Kane, Federal Practice and Procedure § 1582 (3d ed. Westlaw, updated June 2024) ("FPP") ("Rule 18(a) . . . permit[s] a party to join as many original claims . . . as the party has against an opposing party.").

But once a plaintiff names more than one defendant—as Mr. Shaik does here—Rule 20(a)(2)'s guidance on party joinder comes into play. Under Rule 20(a)(2), "[p]ersons . . . may be joined in one action as defendants if . . . (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." This language is "broad," but a leading treatise explains that "a plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 FPP § 1655; *see also, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .").[5]

---

[5] *George* is a Seventh Circuit case, of course, but this District's courts have repeatedly relied on its misjoinder reasoning. *See, e.g.*, *Broussard v. Hollenhorst*, No. 22-CV-0342 (SRN/ECW), 2022 WL 748470, at *3 (D. Minn. Mar. 11, 2022), *aff'd*, No. 22-1774, 2022 WL 10557060 (8th Cir. Sept. 9, 2022); *Medicine v. Pine Cnty. Sheriff's Off.*, No. 22-CV-2953 (NEB/LIB), 2023 WL 4494338, at *3 n.4 (D. Minn. Apr. 25, 2023), *report and recommendation adopted*, 2023 WL 4493528 (D. Minn. July 12, 2023); *Mays v. Sherburne Cnty. Jail*, No. 20-CV-0506 (PAM/KMM), 2020 WL 4218806, at *2 (D. Minn. July 23, 2020).

Fundamentally, Mr. Shaik's Complaint deals with two separate events. The first concerns his September 2023 arrest and ongoing prosecution in No. 62-CR-23-5445. The second concerns his interactions with personnel at the Ramsey County Courthouse in May 2024. There is a split in defendants between the two actions: the first potential action would involve Defendants Finnegan, Anderson, Olmstead, and Kettwick; the second, the two as-yet-unnamed officers. And there is no plausible "question of law or fact common to all defendants [that] will arise in the action" as it currently stands.[6]

The Court therefore orders Mr. Shaik to submit a 1-page filing, within ten days of this Order's date, explaining whether he wants this case to proceed with respect to the events surrounding his September 2023 arrest or, alternatively, to proceed with respect to

---

[6] "Plausible" here because there is one potential throughline: Mr. Shaik's assertion, sprinkled throughout his filings, that he is some sort of "sovereign citizen" whose status as such gives him some sort of privilege or immunity when dealing with law enforcement. (*See, e.g.*, Compl. 1 (presenting Mr. Shaik's name in idiosyncratic fashion typically associated with sovereign-citizen arguments); ECF No. 3 at 1 ("Be it known to all courts, governments, and other parties that I, Shaik; - Abdul-Jameer [beneficiary],am a natural ,freedom sovereign,without subjects" (errors in original)). To the extent this issue touches on both sets of events that the Court isolates, it actually works to Mr. Shaik's disadvantage; courts routinely dismiss sovereign-citizen arguments of this type as frivolous. *See, e.g.*, *Fuller v. Madson*, No. 23-CV-3467 (JWB/LIB), 2023 WL 9375355, at *5 (D. Minn. Dec. 13, 2023) (citing cases), *report and recommendation adopted*, 2024 WL 249681 (D. Minn. Jan. 23, 2024); *Siruk v. Minnesota*, No. 20-CV-2373 (WMW/KMM), 2021 WL 1581242, at *3 (D. Minn. Feb. 22, 2021) (same), *report and recommendation adopted*, 2021 WL 1577681 (D. Minn. Apr. 22, 2021). As a result, the fact that Mr. Shaik's sovereign-citizen claims might bear on both sets of events he recounts is not enough to justify joining the otherwise disparate sets of parties and claims.

the events surrounding his May 2024 incident at the Ramsey County Courthouse.[7] If he does not submit a response, then the Court will recommend dismissing this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

This leaves the Motion to Dismiss. Mr. Shaik's assertion that some sort of default has occurred here is incorrect. Under Rule 55(a) of the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." In this action, none of the Defendants have been served yet, because this Court has been in the process of reviewing Mr. Shaik's Complaint as part of the Court's responsibilities under 28 U.S.C. § 1915. As a result, there has been no relevant failure by any Defendant to plead or otherwise defend. The Court therefore denies the Motion to Dismiss, and will order that a copy of this Order be sent to Judge Olmstead at the Ramsey County Courthouse.[8]

---

[7] For whichever set of events Mr. Shaik does not proceed with here, he may consider whether to bring a second suit bringing those claims.

[8] The Court will make a related point—one that might affect Mr. Shaik's choice of how this action should proceed. Under the doctrine of "*Younger* abstention," federal courts generally refrain from interfering with ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("[I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *see also, e.g.*, *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th Cir. 2018) (discussing *Younger* abstention in more detail). If Mr. Shaik proceeds with this action by challenging his arrest and prosecution, then he should be aware that it is very likely that the Court will refuse to interfere with his state-court prosecution in No. 62-CR-23-5445.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1.  Plaintiff Abdul-Jameer Shaik is ordered to submit—within 10 days of this Order's date—a 1-page filing stating whether he wants this case to proceed with respect to the events surrounding his September 2023 arrest or, alternatively, to proceed with respect to the events surrounding his May 2024 incident at the Ramsey County Courthouse.

2.  If Mr. Shaik fails to submit this filing, then the Court will recommend dismissing this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

3.  Mr. Shaik's Notice of Default Judgment and Motion to Dismiss with Extreme Prejudice (Dkt. No. 6) is **DENIED** as discussed above.

4.  The Clerk of Court is directed to send a copy of this Order to Judge Kelly L. Olmstead at the Ramsey County Courthouse, 15 W. Kellogg Blvd., St. Paul, MN 55102.

Dated: August 30, 2024                    *s/ John F. Docherty*_____
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge