# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ABDUL-JAMEER SHAIK,<br><br>Plaintiff,<br><br>v.<br><br>LAURA FINNEGAN, RYAN ANDERSON, POLICE OFFICER WITH BATCH NUMBERS 1391 AND 1219, KELLY L. OLMSTEAD, and TREYE D. KETTWICK,<br><br>Defendants. | Case No. 24-CV-2625 (KMM/JFD)<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

This matter is before the Court on Plaintiff Abdul-Jameer Shaik's (1) Complaint for a Civil Case (Dkt. No. 1 ("Complaint")) and (2) Response to Court Order to Clarify Claim (Dkt. No. 8 ("Amended Complaint")). For the following reasons, the Court adopts the Amended Complaint as this action's operative pleading, recommends dismissing this action to the extent that the Amended Complaint seeks injunctive relief, and recommends staying the rest of this action pending the completion of Mr. Shaik's ongoing state prosecution.

This action commenced on July 3, 2024, when the Court received (among other things) the Complaint. (*See* Docket.) On August 30, 2024, the Court entered an order noting that the Complaint "deals with two separate events": the first, Mr. Shaik's "September 2023 arrest and ongoing prosecution in [*State v. Shaik*, No. 62-CR-23-5445 (Minn. Dist. Ct.)]"; the second, his "interactions with personnel at the Ramsey County Courthouse in

May 2024." (Order 5 (Dkt. No. 7).) Due to misjoinder, the Court ordered Mr. Shaik to submit a "1-page filing" indicating which set of claims he wanted to pursue. (*Id.*)

Mr. Shaik's response is a 19-page document, which the Court interprets as an amended pleading. (*See generally* Am. Compl.[1]) Under Rule 15(a) of the Federal Rules of Civil Procedure, Mr. Shaik could amend the Complaint "as a matter of course." The Court therefore treats the Amended Complaint as this action's operative pleading.[2]

The Amended Complaint indicates that Mr. Shaik seeks to focus this case on his September 2023 arrest and the ongoing prosecution in Case No. 62-CR-23-5445. (*See, e.g.*, Am. Compl. 2.) The pleading identifies four defendants: Laura Finnegan and Ryan Anderson, the officers who originally arrested Mr. Shaik; the Honorable Kelly L. Olmstead, the judge who is presiding over No. 62-CR-23-5445; and Treye Kettwick, the Ramsey County

---

[1] Mr. Shaik did not follow this District's rules for submitting an amended complaint. *See* D. Minn. L.R. 15.1. The Court will nevertheless treat the filing as a proposed amended complaint. Mr. Shaik should keep in mind in the future that *pro se* litigants are expected to follow applicable court procedural rules. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives." (citing *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (per curiam)).

[2] Mr. Shaik includes 180 pages of exhibits with the Amended Complaint. (*See* Dkt. No. 8-1.) The Amended Complaint itself does not explain these documents' relevance, but a skim of them suggests that Mr. Shaik means for the Court to look through these documents and determine how they support the Amended Complaint's allegations and claims. The Court declines this invitation. It is Mr. Shaik's responsibility—not this Court's—to prepare his pleadings. *See, e.g.*, *Jackson v. FindJodi.com, Inc.*, No. 21-CV-1777 (SRN/LIB), 2021 WL 7542396, at *2 n.3 (D. Minn. Nov. 8, 2021) (refusing to review exhibits to develop claims for plaintiff) (citing cases), *report and recommendation adopted*, 2022 WL 336832 (D. Minn. Feb. 4, 2022), *aff'd*, No. 22-1652, 2022 WL 4455209 (8th Cir. June 1, 2022); *Murrin v. Avidigm Capital Grp., Inc.*, No. 07-CV-1295 (PJS/RLE), 2008 WL 11463468, at *10 (D. Minn. Sept. 5, 2008) (declining to search documents for "evidence that might establish a prima facie case" for certain claims) (citing cases).

prosecutor handling the case. (*See id.* at 1–4, 10.) Mr. Shaik generally claims that his arrest and prosecution violated various federal laws and constitutional protections. (*See id.* at 10–15.) He seeks at least $3 million in damages and requests "the immediate cessation of any further illegal attempts to detain or kidnap [him] without due process and lawful authority." (*Id.* at 19.)

The Court interprets Mr. Shaik's "immediate cessation" request as asking this federal Court to enjoin his ongoing criminal prosecution in state court. This raises the issue of "*Younger* abstention," a doctrine under which federal courts generally abstain from interfering with certain "pending state proceedings." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 10–11 (1987) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)); *see also, e.g.*, *Wassef v. Tibben*, 68 F.4th 1083, 1086 (8th Cir. 2023) (same). In the Eighth Circuit, courts use a three-step analysis to decide whether to apply *Younger* abstention in a given case:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors? And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Wassef*, 68 F.4th at 1087 (quoting *375 Slane Chapel Rd. LLC v. Stone Cnty.*, 53 F.4th 1122, 1177 (8th Cir. 2022)).

Under these standards, *Younger* abstention is appropriate here. First, the state-court proceedings here fall squarely within the "exceptional circumstances" where *Younger* abstention makes sense. Indeed, criminal proceedings like Mr. Shaik's state matter are the

3

paradigmatic state-court proceedings in which *Younger* abstention is advisable. *See, e.g.*, *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (discussing *Younger*); *Wassef*, 68 F.4th at 1086 (same).

As for the second inquiry, the *Middlesex* factors are "relevant in deciding whether *Younger* abstention applies to a civil proceeding." *Wassef*, 68 F.4th at 1087. The factors are whether there is "(1) an ongoing state judicial proceeding that (2) implicates important state interests and (3) provides the federal plaintiff adequate opportunity to raise federal challenges." *Id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432–35 (1982)). This inquiry is somewhat tangential here, as courts typically use the *Middlesex* factors to address situations where a federal proceeding might interfere with a state *civil* proceeding. In any event, the *Middlesex* factors support *Younger* abstention here. Mr. Shaik's state prosecution is clearly an "ongoing state judicial proceeding," enforcing state criminal law is an important state interest, and Mr. Shaik has an adequate opportunity to raise his concerns within his state criminal case or on appeal.

Finally, no exception to *Younger* abstention applies. The Amended Complaint lacks plausible allegations that "the pending state action was brought in bad faith or for the purpose of [harassment]," or that any other "extraordinary circumstances" exist here that would make applying *Younger* abstention inappropriate. *Trainor v. Hernandez*, 431 U.S. 434, 446–47 (1977); *see also, e.g.*, *Juidice v. Vail*, 430 U.S. 327, 338 (1977) (noting *Younger*-abstention exception where "state proceeding is motivated by a desire to harass or is conducted in bad faith" (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975))).

The Court therefore recommends applying *Younger* abstention in this case. When a federal court applies *Younger* abstention, it dismisses without prejudice a federal plaintiff's claims for injunctive relief. But Mr. Shaik also presents a claim for damages. In cases where *Younger* abstention applies to cases featuring damages claims, courts should not dismiss those claims but instead stay them pending the end of the relevant state-court proceedings. *See, e.g.*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) (citing *Growe v. Emison*, 507 U.S. 25, 32 (1993)); *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603 (8th Cir. 1999) (citing cases). The Court thus recommends dismissing this action's injunctive-relief portion but staying the remainder until the end of Mr. Shaik's criminal case (including any appeals). To this end, the Court also recommends requiring Mr. Shaik to notify the Court within 30 days of the conclusion of his state-court proceedings.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Abdul-Jameer Shaik's Response to Court Order to Clarify Claim (Dkt. No. 8), construed as an amended complaint, is this action's operative pleading. This is an exceptional concession by the Court; Mr. Shaik must comply with the Rules of Civil Procedure and the Local Rules of this Court in the future.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The amended complaint (Dkt. No. 8) be **DISMISSED WITHOUT PREJUDICE** to the extent that it brings claims for injunctive relief.

2. The remainder of this action be **STAYED** pending the final resolution (including any appeals) of Mr. Shaik's state-court criminal proceedings in *State v. Shaik*, No. 62-CR-23-5445 (Minn. Dist. Ct.).

3. Mr. Shaik be **ORDERED** to inform the Court (by an appropriate written notice in this action's docket) of the conclusion of his state-court prosecution within 30 days of that prosecution's conclusion.

4. The Clerk of Court be directed to send a certified copy of the Court's Order to the Honorable Kelly L. Olmstead at the Ramsey County Courthouse, 15 W. Kellogg Blvd., St. Paul, MN 55102.

Dated: September 26, 2024         /s/ *John F. Docherty*
                                  JOHN F. DOCHERTY
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** The Report and Recommendation component of this Order and Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).